IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No.  1:1-cv-19-02289-RM

EDWARD JOSEPH,

 Plaintiff,

v.

COMMISSIONER, Social Security Administration,

 Defendant.

___

**ORDER**
___

  This matter is before the Court on Plaintiff Edward Joseph's ("Mr. Joseph") request for judicial review pursuant to 42 U.S.C. § 405(g). (ECF No. 1.) Mr. Joseph challenges the final decision of Defendant Andrew Saul, Acting Commissioner of the Social Security Administration ("Commissioner" or "Defendant"), by which he denied Mr. Joseph's application for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act ("Act"). The Administrative Law Judge ("ALJ") ruled Mr. Joseph was not disabled within the meaning of the Act before the date of last insured and was therefore not entitled to disability insurance benefits ("DIB") or supplemental security income ("SSI").

  Defendant provided the Court with the administrative record. (ECF No. 9.) The parties have fully briefed the matter and it is ripe for adjudication. (ECF Nos. 15, 16, 17.)

  For the reasons set forth below, the Court AFFIRMS the ALJ's denial of Mr. Joseph's application for DIB and SSI.

## I. BACKGROUND

Mr. Joseph is an Army veteran, appearing *pro se*,[1] who served from 2000 through 2004. (ECF No. 16, at 1.) He worked until December 1, 2008 at which time he allegedly became disabled. (Admin. R. ("Tr.") 17, 153.) In January 2016, Mr. Joseph applied for DIB under Title II and SSI under Title XVI of the Act alleging he became disabled as the result of the following conditions: (1) back problems; (2) knee problems; (3) head trauma; (4) lung disease; and (5) stomach problems. (Tr. 165.) Mr. Joseph was thirty years old at the time of the alleged onset of his disability. (Tr. 23.)

Mr. Joseph's applications were denied (Tr. 76–83), and he requested a hearing before an ALJ. (Tr. 84–85.) After conducting a hearing on November 24, 2017, during which Joseph decided to proceed pro se despite being informed of his entitlement to representation, the ALJ affirmed the denial because he, in reliance on testimony from vocational expert Doug Bruning, determined that as of the date of last insured Mr. Joseph was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 24–25.) Mr. Joseph requested review of the ALJ's decision (Tr. 122–27), but the Appeals Council ("Council") denied such review, making the denial the final opinion of the Commissioner. (Tr. 1–6.)

Mr. Joseph requested judicial review before the Court after the sixty-day statute of limitations provided by 42 U.S.C. § 405(g). However, Defendant does not make timeliness an issue, and the Court cannot raise statute of limitations *sua sponte*.[2]

---

[1] Because Mr. Joseph is proceeding *pro se*, the Court liberally construes his filings but will not act as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013); *U.S. v. Grant*, 809 Fed. App'x 474, 476 n.1 (10th Cir. 2020).

[2] *See Bylin v. Billings*, 568 F.3d 1224, 1228 n.5 (10th Cir. 2009) (citing *U.S. v. Mitchell*, 518 F.3d 740, 748 (10th Cir. 2008)) ("In general, a statute of limitations may not be raised *sua sponte* and all circuits to consider this issue have held so explicitly.").

Mr. Joseph challenges the ALJ's findings, arguing the ALJ denied his claims "because of income," and that medical records from July 15, 2019 show Mr. Joseph cannot hold a job. (ECF No. 1, at 2; 15; 17.)

### A. Relevant Medical Records

Mr. Joseph does not challenge the ALJ's conclusions related to any of the medical records presented to him at the time of the hearing. Instead, Mr. Joseph challenges only that new medical records, dated July 15, 2019, provide additional evidence to suggest Mr. Joseph is disabled by adding a new impairment. (ECF No. 17.) According to the newly submitted medical records, in addition to the impairments listed by the ALJ in his decision (*see* Tr. 17–18), Mr. Joseph also suffers from: (1) mild multilevel degenerative changes in his cervical spine; and (2) reversal of normal cervical lordosis may relate to patient positioning, muscle spasm, or anterior disc height lost. (ECF No. 17, at 2.) Mr. Joseph was diagnosed with mild arthritis in his neck, and his treater suggested conservative treatment of physical therapy. (*Id.*)

### B. Hearing Testimony

Mr. Joseph testified he suffered from a variety of impairments, including back pain (Tr. 34–35), knee pain (Tr. 35–36), and breathing problems (Tr. 37–39). Mr. Joseph did not testify as to any neck issues. (*See generally*, 31–47.)

### C. The ALJ's Decision

On January 10, 2018, the ALJ issued his decision denying Mr. Joseph DIB and SSI. (Tr. 12–25.) In reaching his decision, the ALJ followed the five-step sequential evaluation process for evaluating disability claims. (Tr. 49–58); *see also Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010). At step one, the ALJ found Mr. Joseph had not engaged in substantial gainful activity since his onset date through his date last insured. (Tr. 17)

At step two, ALJ determined Mr. Joseph suffered from the following severe impairments: (1) degenerative disc disease of the lumbar spine; (2) anxiety disorder/post-traumatic stress disorder (PTSD); and (3) affective disorder. (*Id.*)

At step three, the ALJ determined Mr. Joseph's impairments,[3] considered independently and in combination, did not meet the severity of a listed impairment. (Tr. 17–18.) For the most part, the ALJ determined Mr. Joseph's non-severe impairments were adequately treated with medication or the objective medical evidence did not support the conclusion that these impairments rose to the level of a listing, apart from those already listed. (Tr. 18.) The ALJ also included a mental restriction evaluation and found only moderate to no limitations. (Tr. 18–19.)

Before reaching step four, the ALJ determined Mr. Joseph had a:

> residual functional capacity [("RFC")] to perform a full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c). He is limited to non-complex tasks, defined as Specific Vocational Preparation (SVP) of two or less, simple, rote, repetitive tasks; and occasional dealing with the general public and coworkers. (Tr. 20.)

Based on the RFC, the ALJ determined at step four that Mr. Joseph was unable to perform his past relevant work. (Tr. 23.)

At step five, based on the testimony of the vocational expert, the ALJ found Mr. Joseph could perform other jobs available in significant numbers in the national economy, specifically, industrial cleaner; floor waxer; and kitchen helper. (Tr. 24.) Therefore, the ALJ concluded that Mr. Joseph was not disabled as defined by the Act. (Tr. 24–25.)

---

[3] The non-severe impairments the ALJ considered were right knee pain, traumatic brain injury, COPD, stomach problems/pain, and sleep apnea.

### D. Procedural History

Mr. Joseph appealed the ALJ's decision to the Council. (Tr. 122–27.) On August 17, 2018, the Council denied Mr. Joseph's request, making the ALJ's denial the final decision of the Commissioner. (Tr. 1–6.) Although the Council sent Mr. Joseph its denial letter addressed to the Mr. Joseph's on-file address, this letter was returned undeliverable. (Tr. 7.) The Social Security Administration re-sent Council's denial letter to Mr. Joseph's Elder Circle address on February 22, 2019.[4] (Tr. 1) Mr. Joseph appeals the denial. (ECF No. 1.)

## II. LEGAL STANDARD

As stated, the Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. *Wilson*, 602 F.3d at 1139. The claimant bears the burden of proof at steps one through four; if the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five. *Id*. The Court's review of the Commissioner's decision "'is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence.'" *Noreja v. Comm'r, SSA*, 952 F.3d 1172, 1177–78 (10th Cir. 2020) (quoting *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005)) (internal quotation marks omitted). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Id*. (quotation marks and citation

---

[4] *See Witt v. Roadway Exp.*, 136 F.3d 1424, 1429–30 (10th Cir. 1998), *cert. denied*, 525 U.S. 881 (1998) (rebuttable presumption of receipt arises on evidence that a properly addressed letter was placed in the postal service's care).

omitted). The Court may not reweigh the evidence or substitute its judgment for that of the agency. *Id.*; *see also Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016) (same).

Although a district court will "not reweigh the evidence or retry the case," it "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007); *see also* 42 U.S.C. § 405(g).

## III.  DISCUSSION

Mr. Joseph raises only two issues. First, Mr. Joseph argues the ALJ erred by denying his applications for DIB and SSI because the ALJ relied on the fact that Mr. Joseph received some form of income after the onset of his disability. (ECF No. 1, at 2.) Second, Mr. Joseph argues medical records from July 15, 2019, which were not made part of the record before the ALJ, show he is completely disabled as the result of injuries to his neck. (ECF No. 17.)

### A.  Denial Based on Income

In his Complaint, Joseph argues the ALJ denied DIB and SSI "because of income." (ECF No. 1.) Essentially, Joseph's argument is that combat pay is not income and, thus, the ALJ erred in considering it.[5] To the contrary, however, the ALJ found at step one that Joseph was not engaged in substantial gainful activity since December 1, 2008 – a date considerably after his service had ended. (Tr. 17.) Nowhere in his decision does the ALJ even mention the benefits paid to Joseph related to "combat specializing related pay," as referenced in Joseph's complaint, or deny benefits on the basis of that or other combat pay income. (*See* Tr. 12–27; ECF No. 1.)

---

[5] It is difficult to construe the exact basis for Joseph's challenge of the ALJ's decision. The government interprets Joseph's complaint (ECF No. 1) and opening brief (ECF No. 15) as raising two separate arguments: the ALJ erred (i) "because of income" and (ii) "entitlement to compensation must have fully accrued in a month during which the service member served in the combat zone. . . ." (*See* ECF No. 16 at 17.) The Court construes the arguments as simply one – that the ALJ erred to the extent that he did not properly consider combat pay income. Regardless of whether the issue is characterized as being of one or two parts, the ALJ's decision was in no way premised on consideration of Joseph's combat pay amount or accrual.

6

Therefore, Joseph's argument is meritless and inconsequential as to whether the ALJ's decision is supported by substantial evidence.

      **B.**      **Evidence Not Submitted to the ALJ or Council**

Mr. Joseph next argues new evidence shows he is unable to hold a job because of arthritis in his neck. (ECF No. 17.) In support of this argument, he attaches a July 15, 2019 MRI report, diagnosing him with mild arthritis in his neck and recommending physical therapy. (ECF No. 17, at 2–3.) The MRI report was not submitted to the ALJ or the Council as it was generated after the ALJ issued his decision and after the Council denied Mr. Joseph's appeal. The Court holds this new evidence does not show the ALJ's decision was not supported by substantial evidence for two reasons. First, the new evidence does not warrant remand where there is no argument that this new diagnosis relates back to the period before Mr. Joseph's date last insured. Second, Mr. Joseph waived this argument by failing to raise it in his opening statement.

      *1.  No Evidence Suggesting Mr. Joseph's Neck Pain Relates Back*

While the Court is authorized to remand to the agency under 42 U.S.C. § 405(g) when "new and material evidence comes to light, and there is good cause for failing to incorporate such evidence in the earlier proceeding," a remand is not appropriate where "new evidence does not demonstrate that the findings relate back to the period on or before the date of the ALJ's decision." *Williams v. Barnhart*, 178 Fed. App'x 785, 792 (10th Cir. 2006) (citations omitted).

Here, remand is not necessary for because Mr. Joseph does not provide any substantive argument as to whether his mild neck arthritis relates back to the period between 2008 and the date of the ALJ's decision. At best, Mr. Joseph argues, in conclusory fashion, that because he was engaged in combat during the Gulf War all possible disabilities relate back to his service. (ECF No. 17.) However, such general, conclusory and undeveloped grievances are insufficient

for the Court to consider. *See, e.g.*, *Good v. Hamilton*, 141 Fed. App'x 742, 744 (10th Cir. 2005) (party's conclusory and undeveloped argument insufficient for court to consider). The Court will not search the record to find support for Mr. Joseph's generalized arguments. *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995).

Mr. Joseph, therefore, fails to explain how the July 2019 MRI report tends to show the ALJ's decision was not supported by substantial evidence or "is overwhelmed by other evidence in the record" when Mr. Joseph does not explain how the MRI report relates back to the date of the ALJ's decision. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Consequently, this Court finds this new material does not establish that the ALJ's decision was not supported by substantial evidence.

### 2. Mr. Joseph Waived This Argument

Even if Mr. Joseph were entitled to a remand under § 405(g) to consider his new evidence of neck issues, the argument was not raised in Mr. Joseph's opening brief and is therefore waived. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).

### IV.   CONCLUSION

Based on the foregoing, it is ORDERED:

(1)   That the Defendant's denial of disability insurance benefits and supplemental security income under the Social Security Act is AFFIRMED;

(2)   That JUDGMENT shall enter in favor of Defendant and against Mr. Joseph, with each party to bear their own fees and costs; and

(3)   That the Clerk shall close the case.

DATED this 11th day of August, 2020.

BY THE COURT:

/s/ Raymond P. Moore
_____
RAYMOND P. MOORE
United States District Judge

9